UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-CV-129-DCK

| | |
|---|---|
| VIABLE SOLUTIONS, LLC,<br>A Louisiana limited liability company<br><br>    Plaintiff,<br><br>    v.<br><br>SOLACE CONSULTING, LLC,<br>A North Carolina limited liability company;<br>KIMBERLYNE G. ROUNDTREE; and<br>SCHANDRA HALEY<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    **ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Seal" (Document No. 21) filed by Viable Solutions, LLC ("Plaintiff") on June 10, 2009. Solace Consulting, LLC, and Kimberlyne G. Roundtree ("Defendants") oppose the motion.[1] The parties have consented to Magistrate Judge jurisdiction. (Document No. 31). Having carefully considered the record, including the parties' briefs (Document Nos. 21, 22, 29, 32), the undersigned will **grant in part** and **deny in part** the motion for the following reasons:

The United States Supreme Court has observed that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). However, "[e]very court has supervisory power over its own records and files, and access has been denied where court

---

[1] Plaintiff indicates that counsel for the remaining Defendant, Schandra Haley, "does not consent to, but will not oppose" the motion to seal. (Document No. 21, p. 2).

files might have become a vehicle for improper purposes." *Id*. For example, "courts have refused to permit their files to serve as .... sources of business information that might harm a litigant's competitive standing." *Id*. The Supreme Court further observed that "the decision as to access is one best left to the sound discretion of the trial court." *Id*.

"[H]istorically both civil and criminal trials have been presumptively open." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n. 17 (1980). The presumption of access to judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).[2] "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id*. at 253. Courts should weigh the competing interests, including whether the documents are sought for an improper purpose (i.e. to gain an unfair business advantage) and whether less drastic alternatives to sealing would suffice. *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004).

Local Civil Rule 6.1(C) requires that a motion to file materials under seal shall set forth "(1) a non-confidential description of the material sought to be sealed; (2) a statement as to why sealing is necessary and why there are no alternatives to filing under seal; (3) unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and (4) supporting statutes, case law or

---

[2]Defendants Solace and Roundtree do not argue that the First Amendment is implicated by their opposition to the motion to seal and suggest that only a common law right of access is at issue here.

other authority." LCvR 6.1.[3]

In this action for copyright infringement, Plaintiff alleges that Defendants have copied and distributed a policy and procedure manual "that is identical to or substantially derived from the Viable Solutions Manual." (Document No. 1, ¶ 20). Plaintiff alleges that "[m]any sections of Defendants' infringing manual are verbatim to the Viable Solutions Manual" and have been copied without Plaintiff's authorization. (*Id*. ¶¶ 20, 24). Plaintiff contends that Defendant Roundtree formerly worked for a company which utilized Plaintiff's consulting services and that this Defendant had access to Plaintiff's copyrighted manual. Plaintiff indicates it provided this manual under an agreement whereby the client "acknowledged that the Viable Solutions Manual is protected by copyright and is the sole property of Viable Solutions." (*Id*. ¶ 13).[4]

The Defendants have moved to dismiss on several grounds. (Document Nos. 13, 15). Before responding to these motions, Plaintiff requests permission to submit copies of the respective manuals (Plaintiff's 2006 and 2007 manuals, and Defendant's allegedly infringing manual), as exhibits under seal. (Document No. 21). Plaintiff indicates it intends to file a motion to amend its Complaint, as well as responses to both motions to dismiss.

In its motion to seal, Plaintiff asserts that its manual is a very important part of its consulting service and "is the thing that clients typically need the most and is the most time-consuming to

---

[3]Plaintiff asks for "permanent sealing" in this case.

[4]Of course, alleged copyright infringement is different from alleged "breach of confidentiality" arising from a contract with a confidentiality clause. Although the Complaint did not plead that its manual was provided under a contract requiring confidentiality of the manual's contents, Defendant indicates it intends to amend its Complaint in this regard. (Document No. 22, p. 2).

Page 3 of 4

prepare." (Document No. 22, p. 4; and Exh. 1, Wyble Declaration, ¶ 5). Plaintiff wants to file the manuals so that the Court may compare its manuals with the Defendant's allegedly infringing manual. Plaintiff wants to file them under seal to prevent possible unauthorized duplication and distribution of the manuals on the Internet, which would be detrimental to its business. (*Id.*, p. 4). Under these circumstances, the undersigned is persuaded that sealing of the exhibits is appropriate.

To the extent the Plaintiff also seeks to file an amended complaint under seal, the Court does not agree that sealing is appropriate. Under the federal pleading rules, Plaintiff should certainly be able to plead a short and concise statement of the facts underlying its legal claims without divulging truly confidential matters. Plaintiff has already discussed the fact that it routinely provides the manual to clients under an agreement to keep the manual confidential. (Document No. 32, p. 4, citing Wyble Declaration, ¶ 5).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Seal" (Document No. 21 is **GRANTED in part and DENIED in part** as follows:

> 1). Plaintiff's original 2006 manual and revised 2007 manual, and the Defendants' allegedly infringing manual, may be filed as exhibits under seal in this action;
> 2). Plaintiff is given leave to file an amended complaint; but the amended complaint shall not be filed under seal.

**IT IS SO ORDERED**.

Signed: August 14, 2009

David C. Keesler
United States Magistrate Judge