# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:09-CV-129-DCK

| | |
|---|---|
| VIABLE SOLUTIONS, LLC, ) | |
| A Louisiana limited liability company ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SOLACE CONSULTING, LLC, ) | |
| A North Carolina limited liability company; ) | |
| KIMBERLYNE G. ROUNDTREE; and ) | |
| SCHANDRA HALEY ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Dismiss Complaint (Rule 12(b)(1))" (Document No. 15) filed by Solace Consulting, LLC, and Kimberlyne G. Roundtree ("Defendants"). The parties have consented to Magistrate Judge jurisdiction. (Document No. 31). Having carefully considered the record, including the parties' briefs and related filings (Document Nos. 15, 49, 55), the undersigned will **deny** the motion as **moot** for the following reasons:

In the motion to dismiss, Defendants argue that this Court lacks subject matter jurisdiction over Viable Solution's claim of copyright infringement regarding the 2007 revision of its Policy and Procedure Manual ("Manual"). The motion points out that Plaintiffs did not have a copyright registration for the Manual at the time the Complaint was filed. Subsequently, the United States Copyright Office issued Certificate of Registration No. TX6-946-934, dated March 31, 2009, for the Manual. The Plaintiff recently filed an Amended Complaint and provided a copy of the Certificate of Registration. (Document No. 49-3).

Plaintiff contends that in light of the Amended Complaint and recent issuance of the Certificate of Registration, the motion to dismiss is now moot. Plaintiff points to a similar case in this district. *See Pure Country Weavers, Inc. v. Bristar, Inc*. 410 F.Supp.2d 439, 444-45 (W.D.N.C. 2006) (denying motion to dismiss brought pursuant to Rule 12(b)(1) where plaintiff obtained Certificate of Registration while motion was pending). Although that case noted that the federal courts have differed over whether the subject matter jurisdiction attaches when a copyright application has been filed or only when the copyright certificate has actually been granted, the Court need not resolve the issue here, given that the Amended Complaint reflects the Certificate of Registration at this point.

Additionally, on September 9, 2009, Plaintiff advised the Court that the Defendants have agreed to withdraw the motion to dismiss. Specifically, Plaintiffs submitted a copy of an e-mail dated September 8, 2009 from Defendants' counsel Gilbert J. Andia stating his agreement to withdraw the Rule 12(b)(1) motion to dismiss upon the filing of the Amended Complaint. (Document No. 55, Ex.1).

**IT IS, THEREFORE, ORDERED** that the "Motion To Dismiss Complaint (Rule 12(b)(1))" (Document No. 15) is **DENIED as moot**.

**IT IS SO ORDERED**.

Signed: October 2, 2009

David C. Keesler
United States Magistrate Judge