UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-CV-129-DCK

| | |
|---|---|
| VIABLE SOLUTIONS, LLC, ) <br> A Louisiana limited liability company ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOLACE CONSULTING, LLC, ) <br> A North Carolina limited liability company; ) <br> KIMBERLYNE G. ROUNDTREE; and ) <br> SCHANDRA HALEY ) <br> ) <br> Defendants. ) <br> ) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Dismiss Complaint (Rule 12(b)(6))" (Document No. 13) filed by Solace Consulting, LLC, and Kimberlyne G. Roundtree ("Defendants"). The parties have consented to Magistrate Judge jurisdiction. (Document No. 31). Having carefully considered the record, including the parties' briefs and related filings (Document Nos. 13, 49, 54), the undersigned will **deny** the motion for the following reasons:

Defendants move to dismiss on the basis that the Plaintiff's claim for unfair competition under North Carolina state law is preempted by the federal copyright claim. Defendants argue that the unfair trade practices claim in the original Complaint does not allege an "extra element" beyond the elements of copyright infringement under the Copyright Act.

On September 8, 2009, the Plaintiff filed an Amended Complaint. (Document No. 49). The Plaintiff asserts that 1) the Defendants' motion to dismiss is now moot due to the filing of this amended pleading, and 2) the motion to dismiss is also moot because the Amended Complaint cured

the alleged deficiency in the original Complaint. Specifically, Plaintiff points out that the Amended Complaint alleges that Defendants breached their confidential relationship with Plaintiff, thus satisfying the requirement of an "extra element" beyond the elements of copyright infringement.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. *Young v. City of Mount Ranier*, 238 F. 3d 567, 573 (4th Cir. 2001) ("[t]he general rule ....is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect); *Colin v. Marconi Commerce Systems Employees' Retirement Plan*, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motion to dismiss was rendered moot by the filing of plaintiff's second amended complaint); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

"A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990); and see, e.g., *Brown v. Sikora and Associates, Inc.*, 2008 WL 1751934, *3 (4th Cir. (S.C.)); *Atlantic Skanska, Inc.*, 2007 WL 3224985, *4 (W.D.N.C.); *Hi-Tech, Inc. v. Rising*, 2006 WL 1966663, *3 (W.D.N.C. July 11, 2006). Therefore, because the Plaintiff has filed an Amended Complaint (Document No. 49) which supersedes the initial Complaint, the Defendants' "Motion to Dismiss" (Document No. 13) is moot.

With respect to the Plaintiff's second mootness argument (*i.e.* that the Amended Complaint cured any alleged deficiency in the original Complaint), the Amended Complaint now alleges:

> "Defendant Roundtree, as an employee of said organizations retaining the services of Plaintiff, had a confidential relationship with Plaintiff. Roundtree violated this confidential relationship by copying the Viable Solutions Manual, distributing it to unauthorized third parties without the permission of Plaintiff, and/or using it in a manner that was not authorized by Plaintiff." (Document No. 49, ¶ 35).

The Copyright Act, 17 U.S.C. § 301(a), preempts state law claims when two requirements are met. *Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225, 229 (4th Cir. 1993). First, the work must fall within the subject matter of copyright, as specified by 17 U.S.C. §§ 102, 103 of the Act. Second, "the rights granted under state law [must be] equivalent to any exclusive rights" granted by the federal copyright law. *Id.*

A state law claim is not preempted by the Copyright Act if the claim includes an "extra element" that makes it qualitatively different from a copyright infringement claim. *Rosciszewski*, 1 F.3d at 229-230; *Old South Home Company v. Keystone Realty Group, Inc.*, 233 F.Supp.2d 734, 737 (M.D.N.C. 2002) (explaining that "extra elements" in a claim will avoid copyright preemption and providing examples, such as breach of confidential relationship). "If an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, ... there is no preemption, provided that the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim." *Rosciszewski*, 1 F.3d at 229-230 (citations omitted).

Other federal courts have held that a claim for unfair trade practices under North Carolina law contains an extra element that precludes preemption by federal copyright law. *See Old South Home*, 233 F.Supp.2d at 737 (observing that alleged breach of confidential relationship is an extra element in a state unfair trade practices claim and is not preempted by federal copyright law);

*Innovative Medical Products, Inc. v. Felmet*, 472 F.Supp.2d 678, 683 (M.D.N.C. 2006) (same).

Given that the Amended Complaint has rendered the motion to dismiss moot, it is not necessary to reach any conclusion as to preemption of any claims in the original Complaint. Suffice it to say, the above case law indicates that an unfair trade practices claim alleging breach of confidential relationship would not be preempted by the Copyright Act.

**IT IS, THEREFORE, ORDERED** that the "Motion To Dismiss Complaint (Rule 12(b)(6))" (Document No. 13) is **DENIED as moot**.

**IT IS SO ORDERED**.

Signed: October 5, 2009

David C. Keesler
United States Magistrate Judge