# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:09-CV-129-DCK

| | |
|---|---|
| VIABLE SOLUTIONS, L.L.C. )<br>A Louisiana limited liability company )<br>)<br>    **Plaintiff,** )<br>)<br> v. )<br>)<br>SOLACE CONSULTING, LLC, )<br>A North Carolina limited liability company; )<br>KIMBERLYNE G. ROUNDTREE; and )<br>SCHANDRA HALEY, )<br>)<br>    **Defendants.** )<br>                                             ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Roundtree's Motion For Summary Judgment As To Claim Two" (Document No. 72). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for disposition.

Having fully considered the record, the papers, and applicable authority, as well as oral arguments at a motion hearing on September 9, 2010, the undersigned will deny Defendant Roundtree's motion.

## I. BACKGROUND

Plaintiff Viable Solutions, L.L.C. ("Plaintiff" or "Viable Solutions") filed this action on April 1, 2009, bringing claims for copyright infringement and unfair competition. (Document No. 1). "Plaintiff's First Amended Complaint" (Document No. 49) was filed on September 8, 2009. Defendants Roundtree and Solace's Answers (Document Nos. 58 & 59) were filed on September 25, 2009.

According to the "Amended Complaint," Plaintiff is organized and existing under Louisiana law and has a principal place of business in Baton Rouge, Louisiana. Plaintiff is a consulting firm

started in 2005 that assists rehabilitation service providers, such as behavioral health, substance abuse, developmental disabilities and child/youth services, in attaining and maintaining accreditation from the Commission of Accreditation of Rehabilitation Facilities ("CARF"). CARF is an independent, nonprofit accreditor of rehabilitation service providers, as well as other human service providers. CARF accreditation is required by most insurers and is thus generally necessary for rehabilitation service providers. Purportedly, an integral part of the services Plaintiff provides is a Policy and Procedures Manual, created by its principals, and subject to copyrights owned by Plaintiff. In this action, Plaintiff alleges that Defendants Solace Consulting, LLC ("Solace"), Kimberlyne G. Roundtree ("Roundtree"), and Schandra Haley ("Haley")(collectively "Defendants"), have infringed Plaintiff's copyrights by willfully copying and distributing a procedure manual that is identical to or substantially derived from Plaintiff's Policy and Procedure Manual.

Solace is organized and existing under North Carolina law with a principal place of business in Charlotte, North Carolina. (Document Nos. 49 & 59). Defendant Roundtree is a resident of North Carolina and an organizer, member, and manager of Solace, as well as its registered agent. (Document No. 58). Beginning in 2008, Defendants Roundtree and Haley began providing CARF consulting services together as Solace Consulting, LLC. (Document No. 76, p.3). Solace also provided a policy and procedure manual as part of its services to its clients. Id.

Plaintiff contends its original Policy and Procedures Manual was created in 2006 ("2006 Manual") by its principals Jamie Wyble ("Wyble") and Mark D. Viator ("Viator") and that the United States Copyright Office issued a Certificate of Registration No. TXul-344-042, dated November 9, 2006, for that manual. (Document No. 49, p. 4-5). The 2006 Manual was revised in 2007, and after application to the Copyright Office, a Certificate of Registration No. TX6-946-934, dated March 31, 2009, was issued for the 2007 revision ("2007 Manual"). (Document No. 49, p.5).

By virtue of assignment by Wyble and Viator on March 27, 2009, Plaintiff is the owner of the copyrights to the 2006 Manual and 2007 Manual. Id.

One of Plaintiff's clients was United Treatment Facility, Inc. ("United Treatment"), a mental health service provider in Charlotte, North Carolina. (Document No. 49, p.6). Plaintiff provided a copy of its Manual to United Treatment as part of its consulting services. Id. Plaintiff contends that Defendant Roundtree, through her employment with United Treatment, obtained access to Plaintiff's Manual and copied it for use by Solace, without authorization from Plaintiff. Id. Plaintiff further alleges that Defendants also had access to Plaintiff's Manual while working for its client, Life Enhancement Services. (Document 79, p. 11-12). It appears to be undisputed that Defendant Roundtree had access to Plaintiff's Manual(s) while she was an employee and/or consultant of both United Treatment and Life Enhancement Services. Plaintiff contends that at some point while working with Life Enhancement Services, Defendants Roundtree and Haley decided they would go into the business of CARF consulting services. (Document No. 49, p.5-6). Defendants purportedly distributed a policy and procedures manual that was identical, or substantially derived from Plaintiff's Manual, to Faith in Families, Inc., a rehabilitation services provider in Reidsville, North Carolina. (Document Nos. 49 and 79).

Plaintiff's first claim is against all Defendants for copyright infringement, and its second claim is against Defendant Roundtree for unfair competition. The pending motion for summary judgment relates to claim two of Plaintiff's Amended Complaint, and is now ripe for disposition.

## II. STANDARD OF REVIEW

The standard of review here is familiar. Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled judgment as a matter of law."

Fed.R.Civ.P. 56(c)(2). A dispute about a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As this Court has previously explained,

> Defendant as the moving party has the initial burden to show a lack of evidence to support Plaintiff's case. If this showing is made, the burden then shifts to the Plaintiff who must convince the Court that a triable issue does exist. Such an issue will be shown "if the evidence is such that a reasonable jury could return a verdict for the [Plaintiff]."

Boggan v. Bellsouth Telecomms., Inc., 86 F.Supp. 2d 545, 547 (W.D.N.C. 2000) (citations omitted).

The non-moving party opposing summary judgment "may not rest upon the mere allegation or denials of his pleading, but his response ... must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248. In deciding a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party, that is, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

### III. DISCUSSION

After careful consideration of the papers, applicable authority, and the arguments of counsel at a motions hearing, the undersigned finds that Defendant Roundtree has not satisfied her burden of showing that there is no genuine issue as to any material fact related to claim two of the Amended Complaint and that she is therefore entitled to judgment as a matter of law. The narrow issue before the Court is whether Plaintiff's second claim of unfair competition is qualitatively different from its first claim of copyright infringement, such that the copyright action preempts the unfair competition claim. See Old South Home Company v. Keystone Realty Group, Inc., 233 F.Supp.2d 734, 736 (M.D.N.C. 2002). The undersigned concludes that a triable issue exists regarding the

4

nature of the relationship between the parties and whether that relationship created an "extra element" that distinguishes the unfair competition claim from the copyright claim.

The Copyright Act, 17 U.S.C. § 301(a) preempts state law claims if (1) the work is within the scope of the subject matter of copyright as specified in 17 U.S.C. §§ 102, 103 of the Act, and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106. Rosciszewski v. Arete Associates, Inc., 1 F.3d 225, 229 (4th Cir. 1993).

As previously held by this Court, ruling on a motion to dismiss in this case:

> A state law claim is not preempted by the Copyright Act if the claim includes an "extra element" that makes it qualitatively different from a copyright infringement claim. Rosciszewski, 1 F.3d at 229-230; Old South Home Company v. Keystone Realty Group, Inc., 233 F.Supp.2d 734, 737 (M.D.N.C. 2002) (explaining that "extra elements" in a claim will avoid copyright preemption and providing examples, such as breach of confidential relationship). "If an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, ... there is no preemption, provided that the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim." Rosciszewski, 1 F.3d at 229-230 (citations omitted).
> Other federal courts have held that a claim for unfair trade practices under North Carolina law contains an extra element that precludes preemption by federal copyright law. See Old South Home, 233 F.Supp.2d at 737 (observing that alleged breach of confidential relationship is an extra element in a state unfair trade practices claim and is not preempted by federal copyright law); Innovative Medical Products, Inc. v. Felmet, 472 F.Supp.2d 678, 683 (M.D.N.C.2006) (same).

Viable Solutions, LLC v. Solace Consulting, LLC, 3:09cv129, 2009 WL 3259218 at * 2 (W.D.N.C. Oct. 6, 2009). Although not expressly ruling on the issue, the undersigned noted in the previous Order that the case law indicates that an unfair trade practices claim alleging breach of a confidential relationship would not be preempted by the Copyright Act. Id. Now, the issue is not simply

5

whether Plaintiff has adequately stated a claim, but whether there is sufficient evidence for the action to survive summary judgment.

Plaintiff contends that Defendant Roundtree violated a confidential relationship she had by virtue of her employee and/or consultant positions with Plaintiff's clients when she copied and distributed Plaintiff's Manual to unauthorized third parties without permission. (Document No. 49, ¶ 34). Plaintiff argues that this confidential relationship constitutes the "extra element" necessary for its unfair competition claim and makes that claim qualitatively different from the copyright claim. Roundtree, in seeking summary judgment, contends that the facts do not support such a confidential relationship.

The undersigned concludes, however, that Plaintiff has set forth sufficient evidence to defeat the summary judgment motion. Roundtree has acknowledged that she was made aware by one or more emails of the confidential nature of Plaintiff's materials; that Plaintiff had contracts requiring confidentiality with both United Treatment and Life Enhancement Services; and further, that included in Roundtree's duties with United Treatment and/or Life Enhancement Services was assisting in the accreditation process, by which she had access to the Manual, and likely a particular understanding of its importance, confidential nature, and value. (Document No. 79, p.11-13).

In short, Defendant Roundtree has failed to show that a reasonable jury could not return a verdict in favor of Plaintiff on its second claim. Based on the evidence, a jury might conclude that Roundtree indeed had a confidential relationship with Plaintiff, and that she used her employment with Plaintiff's clients to access and then later distribute Plaintiff's materials in such way that supports an unfair competition claim that is qualitatively different than a copyright claim.

## IV.  CONCLUSION

For the foregoing reasons, though a close question, the undersigned finds that Defendant has not carried her burden of showing that there is a lack of evidence to support Plaintiff's claims.

**IT IS, THEREFORE, ORDERED** that "Defendant Roundtree's Motion For Summary Judgment As To Claim Two" (Document No. 72) is **DENIED**.

**SO ORDERED**.

Signed: September 9, 2010

David C. Keesler
United States Magistrate Judge